# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-689V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELIZABETH WEEKS BLAKE,            *    Special Master Corcoran
                                  *
                                  *
              Petitioner,         *    Filed: January 17, 2018
                                  *
      v.                          *    Decision; Final Attorney's Fees and Costs;
                                  *    Local Versus Forum Rates.
                                  *
SECRETARY OF HEALTH AND           *
HUMAN SERVICES,                   *
                                  *
              Respondent.         *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*James R. Snell*, Law Office of James R. Snell, Jr., LLC, Lexington, SC, for Petitioner.

*Darryl R. Wishard*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS [1]

On June 13, 2016, Elizabeth Blake filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she developed various injuries, including Chronic Inflammatory Demyelinating Polyneuropathy as a result of receiving the trivalent influenza ("flu") vaccine on November 20, 2014. On June 16, 2017, the parties filed a joint stipulation, proposing lump sum damages of $247,540.47 and an amount sufficient to purchase an annuity contract to Petitioner, (ECF No. 22), and I issued an order

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

adopting the stipulation as the damages award a few days later (ECF No. 26).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated October 30, 2017. *See* Motion for Attorney's Fees and Costs, dated October 30, 2017 (ECF No. 29) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $29,884.18 (representing $25,750.40 in attorney's fees, plus $4,133.78 in costs). *See* Amended Attorneys' Fees and Costs Calculation, dated November 30, 2017 (ECF No. 32) ("Amended Fees Calculation") at 2. For the reasons stated below, I hereby grant a total award of **$25,998.78** ($21,865.00 in attorney's fees, plus $4,133.78 in costs).

### Factual and Procedural Background

The primary attorney to have worked on this case was Vicki Koutsogiannis, of the Law Offices of James R. Snell, Jr., LLC (the "Snell Firm"), in Lexington, South Carolina. The billing invoices filed in connection with the present fee request reveal the work she performed on the matter. *See generally* Fees. App.

The Snell Firm began working on the case in March 2016—nearly three months prior to its filing. *See* Ex. To Fees App. (ECF No. 29-1) at 1. Throughout that time period, the majority of work performed included reviewing medical records, communicating with Petitioner, and reviewing relevant case law. The billing record does not suggest that the Snell Firm was overworking the case prior to its initiation.

Thereafter, the case proceeded in a timely manner. Petitioner gathered and filed medical records from June-August 2016. On September 7, 2016, I issued an order at the parties' request suspending the deadline for the Joint Statement of Completion, to allow the parties ample time to discuss settlement. The parties filed a joint stipulation on June 16, 2017 (ECF No. 22), which I adopted as my decision. ECF No. 26.

### Fees Request

Petitioner requests reimbursement of attorney's fees and costs in the total amount of $29,884.18 (representing $25,750.40 in attorney's fees, plus $4,133.78 in costs). *See* Amended Fees Calculation at 2. With respect to the fees side of the present request, Petitioner specifically requests $230 per hour for Ms. Vicki Koutsogiannis (an associate with three years of experience) for work performed in 2016-2017. *Id.* In addition, Petitioner requests a rate of $148 per hour for worked performed by a paralegal in 2016. *Id.*[3]

---

[3] Petitioner originally submitted a fees application requesting $400 per hour for attorney time and $150 per hour for paralegal time for work completed by attorney of record James Snell. *See* Fees App. at 4; Attorney's Fees and Costs

Petitioner also requests reimbursement for costs, amounting to $4,133.78. Amended Fees Calculation at 2. The total cost requested reflects expenses for medical records requests, medical evaluations, and the filing fee. *Id.*

Respondent filed a response reacting to the fees request on November 27, 2017, indicating that she was satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion in determining the amount to be awarded. ECF No. 24 at 2-3.

Upon the Court's request, Petitioner filed supplemental documentation on December 13-14, 2017, addressing whether the attorney representing the Snell Firm is entitled to forum rates. *See* Additional Documentation, filed on Dec. 13, 2017 (ECF Nos. 33-34); Affidavit of Local Counsel, filed on Dec. 14, 2017 (ECF Nos. 35-36). Based on a sample case from the relevant jurisdiction, and based on the experience of the Ms. Koutsogiannis, the attorney who worked on the matter, Petitioner argued that the Snell Firm is entitled to forum rates. *See* Additional Documentation, filed on Dec. 13, 2017 (ECF No. 34) at 3-5. Respondent did not file a response to Petitioner's supplemental explanation.

## Analysis

### I. Relevant Law Governing Attorney's Fees

Vaccine Program petitioners who receive compensation for their injuries are by statute entitled to an award of "reasonable" attorney's fees and costs. Section 15(e)(1). To this end, special masters have discretion in determining what a reasonable fees award is, and may reduce hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009).

Determining the appropriate amount of a fees to award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably

---

Calculation, dated Nov. 21, 2017 (ECF No. 30). However, the Snell Firm self-corrected these rates to $230 per hour for attorney time and $148 per hour for paralegal time based on rates for associate attorney Vicki Koutsogiannis. *See* Amended Attorneys' Fees and Costs Calculation, dated Nov. 30, 2017 (ECF No. 32) ("Amended Fees Calculation"). The amended calculation stated that James Snell was the attorney of record, while Vicki Koutsogiannis performed the work on the case. Amended Fees Calculation at 1. Furthermore, Mr. Snell submitted an affidavit in connection with the amended calculation, stating that he maintained a supervisory role over Ms. Koutsogiannis throughout the case (including reviewing filings and participating in discussions), but is not seeking to bill twice for any work. *See* Additional Documentation, dated Dec. 13, 2017 (ECF No. 33) at 3.

expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down. *Avera*, 515 F.3d at 1348.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera,* 515 F.3d at 1348 (Fed. Cir. 2008, citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). As the Federal Circuit stated in *Avera*, inclusion of the *Davis* exception ensures against a "windfall" – meaning paying a lawyer in a rural or less expensive locale more than she would otherwise earn, simply because she is litigating a case in a court of national jurisdiction. *Avera,* 515 F.3d at 1349. *McCulloch* established the hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate. *See McCulloch v. Sec'y of Health & Human Servs*., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

After the hourly rate is determined, the reasonableness of the total hours expended must be determined. *Sabella*, 86 Fed. Cl. at 205-06. This inquiry mandates consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 437(1983).

**II. The Snell Firm Should Receive Forum Rates**

Petitioner argues that Lexington, South Carolina is an in-forum locale. More specifically, Petitioner argues that her counsel, Ms. Koutsogiannis, should receive a forum rate of $230 per hour based on her relevant legal experience and skill. *See* Additional Documentation, dated Dec. 13, 2017 (ECF No. 34) at 2. In her affidavit, Ms. Koutsogiannis acknowledges that she is not aware of the average rate awarded in Vaccine Program cases for attorneys with three years of experience, but, she presents one case awarding attorney fees at rate of $300 per hour in support of her own rate. *Id.* at 2; *see Dep't of Transp. v. Revels*, 731 S.E.2d 897, 898 (S.C. App. 2012) *aff'd in part and rev'd in part on other grounds*, 766 S.E.2d 700 (S.C. 2014). Furthermore, Petitioner submitted multiple affidavits from attorneys in the relevant forum, affirming her rate as appropriate for the work rendered. *See* Additional Documentation, dated Dec. 13, 2017 (ECF No. 33) (affidavit of James Snell); Affidavit of Local Counsel, dated Dec. 14, 2017 (ECF Nos. 35-36) (affidavits of Hugh Rogers and George Branstiter).

The case cited by Ms. Koutsogiannis, as well as the affidavits in support are not supportive of her forum argument. While they do address an appropriate rate for an attorney in South Carolina, they do not evidence similar rates for attorney work under a comparable federal fee-shifting statute. In prior decisions involving whether an attorney should receive a forum rate, I have looked to federal district court decisions from the relevant geographic location to assess what attorneys receive for fee awards doing work *comparable* to that performed in Vaccine Act cases. *See, e.g., Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).

While there are many federal fee-shifting statutes that provide for attorney's fees, not all work performed under such statutes is equivalent to Vaccine Program work. Although Vaccine Act work can involve complex scientific and medical matters, the actual attorney work has long been deemed somewhat less demanding, given the relaxed evidentiary standards, absence of discovery and attendant disputes, and role the special masters play in helping resolve cases. *See Dezern*, 2016 WL 6678496, at *4 (citing *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011)). As a result, district court fees awards from the lawyer's practice locale, and under federal statutes involving attorney work comparable to that performed in the Vaccine Program, are the proper benchmark for evaluating whether an attorney's hourly rate would be deemed a forum rate in the Program. *See Ochoa v. Sec'y of Health & Human Servs.*, No. 16-627V, 2017 WL 6350600, at *3-4 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); *Rivera v. Sec'y of Health & Human Servs.*, No. 15-487V, 2017 WL 2460690, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2017); *Dezern*, 2016 WL 6678496, at *5.

I have reviewed Petitioner's arguments for the proposed rate and (in keeping with my inquisitorial role in deciding the matters before me), have also conducted my own review of a sampling of federal fees decisions from South Carolina district courts applying Lexington rates, which suggest a wide variety of awards, depending on the nature of work performed, under comparable fee-shifting statutes. As the chart below illustrates, rates range from $187.53 per hour to $350 per hour depending on position and experience:

| Case Name | Claim Type | Rate | Attorney's Experience |
|---|---|---|---|
| *Irvine v. Destination Wild Dunes Mgmt., Inc.*, No. 2:15-CV-980-RMG, 204 F. Supp. 3d 846, 850 (D.S.C. 2016). | FLSA* | $250-300/hr | Attorney (20 years) |
| *Riddle v. City of Anderson*, No. 8:12-CV-03480-TMC, 2015 WL 12830369, at *9 (D.S.C. Jan. 26, 2015). | FLSA | $300/hr | Attorney (19 years) |

| | | | |
|---|---|---|---|
| *Pelczynski v. Orange Lake Cty. Club, Inc.*, No. 4:11-CV-01829-RBH, 2014 WL 2095173, at *8 (D.S.C. May 20, 2014). | FLSA | $250/hr $175 $80-$125 | Attorney (17 years) Associate (8 years) Paralegal |
| *DeWitt v. Darlington Cty.*, No. 4:11-CV-00740-RBH, 2013 WL 6408371, at *12 (D.S.C. Dec. 6, 2013). | FLSA | $350/hr | Attorney (17 years) |
| *Harrison-Belk v. Rockhaven Cmty. Care Home*, No. 3:07-54-CMC, 2008 WL 2952442, at *2 (D.S.C. July 29, 2008), *aff'd sub. nom.*, 319 F. App'x 277 (4th Cir. 2009). | FLSA | $290/hr $95 | Attorney (30 years) Paralegal |
| *Rush v. Berryhill*, No. CV :16-1340-TMC, 2017 WL 4348565, at *1 (D.S.C. Sept. 29, 2017). | EAJA* | $187.53/hr | Attorney (25 years) |
| *Atkinson v. House of Raeford Farms, Inc.*, No. 6:09-CV-01901-JMC, 2012 WL 2923246, at *3 (D.S.C. July 18, 2012), *rev'd on other grounds*, 734 F.3d 95 (4th Cir. 2014). | Wage-violation claim | $300/hr $200 $95 | Attorney (30 years) Associate (5 years) Paralegal |
| * Fair Labor Standards Act (FLSA); Equal Access to Justice Act (EAJA). | | | |
| | | | |

After consideration of the aforementioned law and facts, I now conclude that the difference between the local rates in Lexington awarded in similar circumstances and the forum rates are insufficiently different to apply the *Davis* exception. For example, the low-end forum rate for an attorney with comparable experience (20+ years of practice) is $350 per hour. *McCulloch,* 2015 WL 5634323, at *19. That amount is not significantly different from what a South Carolina attorney in the Lexington area would be paid for comparable work under a federal fee-shifting statute. *See DeWitt v. Darlington Cty.*, No. 4:11-CV-00740-RBH, 2013 WL 6408371, at *12 (D.S.C. Dec. 6, 2013) (awarding a rate of $350 per hour to an attorney with 17 years of experience); *see also Atkinson v. House of Raeford Farms, Inc.*, No. 6:09-CV-01901-JMC, 2012 WL 2923246, at *3 (D.S.C. July 18, 2012), *rev'd on other grounds*, 734 F.3d 95 (4th Cir. 2014) (awarding a 5th year associate a rate of $200 per hour in 2012). Furthermore, though there is no precise percentage differential mandated by case law that must be applied when determining if the difference in rates

6

is "very significant" under the *Davis* exception, I have found that as a general rule of thumb, any difference over 25 percent meets the standard. *See Auch v. Sec'y of Health & Human Servs.*, No. 12-673, 2016 WL 3944701, at *12 (Fed. Cl. Spec. Mstr. May 20, 2016). The above cases indicate that the difference between rates awarded under comparable statutes in South Carolina do not meet the standard, as the majority of comparable awards are within a 25% difference. Therefore, because I find that the *Davis* exception does not apply in this case, and I will award the Snell Firm in-forum rates.

### III. Attorney's Fees and Costs to be Awarded to Counsel

Now that I have found that the Snell Firm is entitled to forum rates, I must determine what rate to award Petitioner's counsel in light of counsel's relevant years of practice experience and her experience with Vaccine Program cases. Petitioner requests a rate of $230 per hour for Ms. Koutsogiannis for 110.8 hours work performed during the lifespan of the case. According to an affidavit filed in support of her fee application, Ms. Koutsogiannis stated that she has three years of relevant practice experience and no prior experience in the Vaccine Program. *See* Additional Documentation, dated Dec. 13, 2017 (ECF No. 34) at 2. Therefore, I will reduce counsel's requested rate to better reflect counsel's experience. The current *McCulloch* fee range for an attorney with less than four years of practice experience is $150-225 per hour.[4] Furthermore, it is common in the Vaccine program for special masters to consider counsel's experience in the Program when determining the proper rate to be awarded. *See, e.g.*, *Auch*, 2016 WL 3944701, at *12. Accordingly, I will reduce counsel's rate to $200 per hour for her work on this matter, as it is more appropriate in light of the ranges set forth in *McCulloch*.

In addition, Petitioner requests $148 per hour for 1.8 hours of work performed by one paralegal. This requested rate also warrants reduction, as it is higher than the paralegal rates set forth in *McCulloch*. *See McCulloch,* 2015 WL 5634323, at * 19; *see also* OSM Hourly Rate Chart. Thus, the hourly rate sought for paralegal work will be reduced to $125 per hour consistent with *McCulloch*.

Upon review of the invoices, it appears that the time billed associated with this matter is appropriate for a case spanning over a year and resulting in a stipulation. The majority of the time billed by Petitioner's counsel and her paralegal appear to be reasonable, and Respondent has not identified any entries as objectionable. I will, however, make one reduction. Petitioner's counsel billed 2.6 hours for scanning and organizing medical records, a clerical or administrative task. *See* Ex. to Fees App. at 1. The Vaccine Program does not permit attorney billing for this type of work.

---

[4] Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 (available athttps://www.uscfc.uscourts.gov/node/2914 ) ("OSM Hourly Rate Chart").

*See, e.g., Kerridge v. Sec'y of Health & Human Servs.,* No. 15-0852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017) (denying reimbursement for clerical or other secretarial work). Therefore, I will reduce counsel's award by 2.6 hours (representing the time billed for scanning and organizing medical records) and compensate her in total for 108.2 hours at a rate of $200 per hour. The time billed for paralegal work will not be adjusted. This results in a total fee award of $21,865.00 (representing $21,640.00 for attorney fees, plus $225.00 for paralegal fees,—an overall fees reduction of $3,885.40).

Finally, Petitioner requests $4,133.78 for costs related to this matter, including costs associated with obtaining medical records, patient evaluations, and the filing fee. *See* Fees App. at 26. The costs related to this matter appear to be reasonable, and will be awarded in full.

## Conclusion

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award **$25,998.78** ($21,865.00 in attorney's fees, plus $4,133.78 in costs) should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, James Snell, Esq.. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.